JUDGE LINDSAY
delivered the opinion op the court.
By the first instruction, given at appellee’s instance, the jury were told that they could not find that the special contract relied upon by appellant to limit and restrict its liability had been accepted, unless they believed that appellee or his shipping merchants had read the receipt, or that some one of them fully understood and agreed to its terms; and by the second, that the onus was upon appellant to establish the special contract, by evidence clearly showing that it was fully understood by Guthrie or his merchants, “read to or by them, or some of said firm, and freely entered into and agreed to.”
*80 That common carriers may limit their common-law liability by special contract is too well established to render discussion necessary. It is only required that they shall make these contracts fairly, without duress, imposture, or delusion; that the shipper shall understand their nature and effect; and that the making of the contract shall be “ clearly ” or, more properly, satisfactorily proved. Such is the doctrine laid down in the case of this appellant against Nock (2 Duvall, 562).
The objection to the ruling of the common pleas judge in this case is that he not only required appellant to prove clearly that the contract embraced in the printed receipt, signed by the company’s agent and accepted by his shipping merchants, was actually entered into, but that it was fully understood and freely made.
If the contract was actually made, it is binding upon both parties, and appellee can not escape from its consequences unless it appears that he acted under duress, or that it was imposed upon him or his agent under circumstances- which probably prevented them from examining the writing and understanding its nature. Ordinarily written contracts can not be contradicted or essentially modified by oral testimony, without proof of fraud or mistake; and it would be carrying the innovation made upon this salutary rule in this class of contracts to a most unreasonable extent to allow the shipper to avoid them on account of duress, misfortune, delusion, or failure to understand their effect, and also to presume the existence of one or all of these grounds of avoidance, and compel the carrier by proof to rebut the presumption. The more rational course would be to hold that such contracts could not be enforced at all.
In our opinion, it is only necessary that the carrier shall satisfactorily prove that a special contract was made under circumstances indicating fairness and good faith, and that it is then incumbent upon the shipper to show that the contract *81 ought not, for some of the reasons above indicated, to be enforced against him.
For these reasons the judgment is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.